# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TERESA COOPER,

        Plaintiff,

v.                                                  Case No. 05-C-1318

AAMES FUNDING CORPORATION,

        Defendant.

## ORDER

Defendant Aames Funding Corporation ("Aames") filed a motion to transfer this action to the Central District of California for consolidation with *Webb v. Aames Investment Corporation,* Case No. 05cv5140 (C.D. Cal.) (the "California action"). The California action involves the same legal issues as are present in this action and is a putative class action that encompasses the class proposed by plaintiff Teresa Cooper ("Cooper"). For the reasons stated below, the court grants Aames' motion to transfer.

## BACKGROUND

On July 14, 2005, Paul Webb ("Webb") filed a purported class action complaint against Aames Investment Corporation and Aames Financial Corporation in the Central District of California (the "California action"). Webb alleges that Aames obtained a prescreening list that included Webb's information without his consent and sent Webb a solicitation that did not constitute a "firm offer" or make the requisite disclosures in a clear and conspicuous manner in violation of the Fair Credit Reporting Act ("FCRA"). Webb purports to bring the California action on

behalf of himself and a proposed class that includes "[a]ll individuals throughout the United States whose consumer reports were obtained or used by Aames in connection with a credit transaction not initiated by them and who did not receive a firm offer of credit from Aames."

Cooper filed this action on December 20, 2005, against Aames Funding Corporation (the "Wisconsin action"). Cooper alleges that Aames accessed her credit report without her express consent for the purpose of sending her a solicitation that does not constitute a "firm offer" under the FCRA. Cooper purports to bring the Wisconsin action on behalf of herself and a proposed class that includes individuals "consisting of all persons with Wisconsin addresses to whom [Aames] sent Exhibit A [attached to the Complaint] after November 20, 2004."

Cooper does not dispute that the California and Wisconsin actions involve common questions of law and fact or that the putative class in the California action encompasses the putative class in the Wisconsin action.

## ANALYSIS

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Wisconsin action could have been filed in the Central District of California because Aames is a California corporation headquartered in Irvine, California. *See* 28 U.S.C. § 1391(b) (stating that a federal action that is based upon a federal question may be brought in "a judicial district where any defendant resides, if all defendants reside in the same

State"). Neither Cooper nor Aames disputes that venue is proper in this district or in the Central District of California.

Aside from determining that venue is proper in both the transferor and transferee court, the court must determine whether transfer is in the "interest of justice" and "for the convenience of the parties and witnesses." 28 U.S.C. § 1404(a); *TruServ Corp. v. Neff*, 6 F. Supp. 2d 790, 793 (N.D. Ill. 1998). The party seeking transfer must establish "that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219-20 (7th Cir. 1986). "Venue may not be transferred simply to shift inconvenience from the defendant to the plaintiff." *Tsaparikos v. Ford Motor Co.*, 2002 WL 31844949, *1 (N.D. Ill. Dec. 18, 2002). Courts consider the following factors in deciding whether to transfer venue to another district: (1) the plaintiff's choice of forum; (2) the situs of the material events; (3) the convenience of the parties; (4) the convenience of non-party witnesses; (5) the court's power to compel the appearance of unwilling witnesses and the costs of obtaining attendance of witnesses; (6) the location of physical evidence; (7) the relative familiarity of the courts with the applicable law; (8) the relationship between the forum community and the subject of the litigation; (9) the congestion of the respective court dockets; and (10) whether transfer would facilitate consolidation of cases. *See Goggins v. Alliance Capital Management,* L.P., 279 F. Supp. 2d 228, 232 (S.D.N.Y. 2003); *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 960 (N.D. Ill. 2000); *TruServ Corp. v. Neff*, 6 F. Supp. 2d 790, 793 (N.D. Ill. 1998).

The interests of justice clearly favors transfer under § 1404(a). "Federal district courts have the inherent power to administer their dockets so as to conserve

scarce judicial resources." *Trippe Manufacturing Company v. American Power Conversion Corporation*, 46 F.3d 624, 629 (7th Cir. 1995). "A district court has 'an ample degree of discretion' in deferring to another federal proceeding involving the same parties and issues to avoid duplicative litigation." *Id.* (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Company*, 342 U.S. 180 (1952). Cooper does not dispute that the California and Wisconsin actions involve common questions of law and fact or that the putative class in the California action encompasses the putative class in the Wisconsin action. Many of the same witnesses and much of the same evidence will be presented in both the California and Wisconsin actions. The court and the parties can avoid duplication of time and effort as well as the risk of inconsistent outcomes by transferring the Wisconsin action to California for consolidation with the earlier filed case. *See Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to wastefulness of time, energy and money that § 1404(a) was designed to prevent.")

Some convenience factors also favor transfer to California. Aames is based in Los Angeles, California. Aames manages its direct mail programs out of its Los Angeles offices. The most knowledgeable Aames employees regarding the solicitations at issue in both the Wisconsin and California actions reside in California. The court believes that a greater number of witnesses with information most pertinent to the issues in the Wisconsin and California actions reside within California rather than Wisconsin. *Central States, Southeast and Southwest Areas*

*Pension Fund v. Brown,* 587 F. Supp. 1067, 1070 (N.D. Ill. 1984) ("In considering the convenience of potential witnesses, the Court must consider not only the number of witnesses located in the respective districts, but also the nature and quality of their testimony in relationship to the issues in the case.").

Cooper argues that her choice of forum is Wisconsin, her home forum and the forum in which she received a solicitation from Aames. A plaintiff's choice of forum is given deference and is a factor that a court should consider in evaluating the balance of convenience to the parties. *See FDIC v. Citizens Bank and Trust Co.*, 592 F.2d 364, 368 (7th Cir. 1979). In this case, Cooper's choice of forum does not outweigh the interest of justice and, to a lesser degree, other convenience factors that favor transfer. Cooper argues that traveling to California would be financially and logistically burdensome for her, but she does not state that she cannot afford to litigate in California.

Accordingly,

**IT IS ORDERED** that Aames' motion to transfer be and the same is hereby **GRANTED**; this action shall be transferred to the Central District of California for consolidation with *Webb v. Aames Investment Corporation,* Case No. 05cv5140.

The clerk of the court is directed to take all appropriate steps to effectuate the transfer.

Dated at Milwaukee, Wisconsin, this 31st day of March, 2006.

BY THE COURT:

s/J.P. Stadtmueller
J.P. STADTMUELLER
U.S. District Judge